[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10961
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00047-CG-WC-8

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　Plaintiff-Appellee,

versus

LADAWN BURKS,

　　　　　　　　　　　　　　　　Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 29, 2014)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ladawn Burks appeals his sentence of 30 months of imprisonment, following the second revocation of his supervised release.  *See* 18 U.S.C. § 3583(e)(3).  He argues that the district court failed to explain the reasons for its chosen sentence and that his sentence is substantively unreasonable.  We affirm.

The district court provided a reasoned basis for its decision.  The district court stated that it had "considered the chapter seven provisions" of the Sentencing Guidelines, *see* U.S.S.G. § 7A intro. cmt., and determined that a sentence of imprisonment was necessary because his conduct made "it very difficult for [him] to be supervised by the probation office."  As explained by the district court, Burks's supervised release had been "revoked before because [he] tested positive for cocaine and marijuana," failed to complete his sentence of "six months at the halfway house," and "used [a controlled substance] right after" being expelled from the halfway house.  Burks argues that it is unclear why the district court varied upward from his advisory guideline range of four to ten months of imprisonment, but the district court explained that it selected a sentence to address Burks's "second revocation."

Burks's sentence is reasonable.  As explained by the district court, Burks is not "amenable to supervision."  Within the first four months of his release from prison, Burks twice tested positive for cocaine, and the district court and the probation office modified the conditions of supervised release for Burks to receive

2

mental health treatment and to enroll in a residential treatment drug program. After Burks admitted a third time to using cocaine, the district court revoked Burks's supervised release and sentenced him to a custodial sentence of six months followed by 54 months of supervised release, the first 180 days of which he was to stay in a halfway house, but Burks was expelled from the halfway house. The district court was entitled to revoke Burks's second term of supervised release after he admitted to using synthetic marijuana, which was a grade B violation of his supervised release, *see* U.S.S.G. § 7B1.1(a)(2) & cmt. n.3; Ala. Code §§ 13A-5-6(a)(3), 13A-12-212(b). The district court reasonably determined that a term of imprisonment of 30 months was necessary to address the nature and circumstances of Burks's violation and his history and characteristics. *See* 18 U.S.C. § 3553(a). Burks argues that his sentence is excessive in the light of his lack of a criminal history, his minor violations of his supervised release, and his inability to obtain drug treatment, but lesser sentences have been ineffective. The district court did not abuse its discretion.

We **AFFIRM** Burks's sentence.